# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1  At a stated term of the United States Court of Appeals for the Second Circuit,
2  held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
3  City of New York, on the 26th day of October, two thousand twenty-two.
4
5  PRESENT:
6          JOHN M. WALKER, JR.,
7          RICHARD J. SULLIVAN,
8                  *Circuit Judges,*
9          MARY KAY VYSKOCIL,
10                 *District Judge.*\*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 16 2022

11  ────────────────────────────────
12
13  BEATRICE MARSEILLE,
14
15                  *Plaintiff-Appellant,*
16
17          v.                                                      No. 21-2140
18
19  THE MOUNT SINAI HOSPITAL, DENISE
20  O'DEA, MOUNT SINAI HEALTH SYSTEM INC.,
21  MOUNT SINAI HOSPITALS GROUP INC.,
22
23                  *Defendants-Appellees.*
24  ────────────────────────────────

───────────────────

\* Judge Mary Kay Vyskocil, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:   Beatrice Marseille, pro se, Monsey, NY.

For Defendants-Appellees:  Rory J. McEvoy, Brittany A. Buccellato, Akerman LLP, New York, NY.

 

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Beatrice Marseille, now proceeding pro se, appeals from the district court's grant of summary judgment in favor of her former employers – Defendants-Appellees The Mount Sinai Hospital, Mount Sinai Health System Inc., Mount Sinai Hospitals Group Inc., and Denise O'Dea (collectively, "Mount Sinai") – on Marseille's claims for discrimination (on the basis of her race, national origin, age, and disability), hostile work environment, and retaliation, all in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C.

Admin. Code § 8-107. [1]   Specifically, Marseille challenges the district court's determination that she failed to present sufficient evidence to establish her NYCHRL claims.   We review the grant of summary judgment de novo, applying the same standards as the district court.   *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.   Discrimination

Under the NYCHRL, it is unlawful for an employer, "because of the actual or perceived" age, race, national origin, or disability of any person, "[t]o discriminate against such person . . . in terms, conditions or privileges of employment."   N.Y.C. Admin. Code § 8-107(1)(a).   NYCHRL discrimination claims are evaluated under a burden-shifting framework.   To make an initial

---

[1] Marseille's complaint also asserted claims under various federal and state antidiscrimination statutes.   After Mount Sinai moved for summary judgment on *all* of Marseille's claims, Marseille failed to respond to Mount Sinai's arguments regarding the federal- and state-law claims, instead arguing only that she had satisfied her burden as to her NYCHRL claims.   As a result, the district court found that Marseille had abandoned her federal- and state-law claims and granted summary judgment for Mount Sinai on those claims.   Notwithstanding its dismissal of Marseille's federal claims, the district court exercised its discretion to retain supplemental jurisdiction over the remaining NYCHRL claims, concluding that because the parties had already completed discovery and summary-judgment briefing, judicial economy and convenience weighed in favor of exercising jurisdiction.   *See* 28 U.S.C. § 1367; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305–06 (2d Cir. 2003); *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990).

3

prima facie showing, a plaintiff need only show "differential treatment," or that she was "treated less well," because of a protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks omitted). The defendant then has "the opportunity to offer legitimate reasons for its actions." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75–76 (2d Cir. 2015). If the defendant satisfies that burden, summary judgment is appropriate if no reasonable jury could conclude either that "the defendant's reasons were pretextual" or that "the defendant's stated reasons were not its sole basis for taking action, and that its conduct was based at least in part on discrimination." *Id.* at 76 (internal quotation marks omitted).

Here, even if we were to assume that Marseille could establish a prima facie case for discrimination, summary judgment in Mount Sinai's favor was appropriate. Mount Sinai has proffered a legitimate, non-discriminatory reason for disciplining and terminating Marseille – concerns about the quality of her patient care and documentation practices – and, for the reasons explained in the district court's thorough and well-reasoned opinion, no reasonable factfinder could conclude that Mount Sinai's stated reasons were pretextual or that unlawful discrimination was also a motivating factor. On appeal, Marseille highlights

4

evidence that O'Dea once called Marseille's tone "aggressive" and suggests this comment alluded to a racial stereotype. The term "aggressive," however, is a facially race-neutral term, and Marseille has "fail[ed] to offer evidence that could lead a reasonable jury to conclude that the statement in context actually reflected the speaker's use of th[is] language in a racially coded manner." *Cadet-Legros v. N.Y. Univ. Hosp. Ctr.*, 21 N.Y.S.3d 221, 228–29 (1st Dep't 2015). For these reasons, we affirm the district court's determination that Mount Sinai was entitled to summary judgment on Marseille's discrimination claim.

## II. Hostile Work Environment

Hostile-work-environment claims brought pursuant to the NYCHRL require a plaintiff to show only "that he or she was treated less well than other employees because of the relevant characteristic." *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 148 N.Y.S.3d 238, 245 (2d Dep't 2021) (internal quotation marks omitted). The conduct alleged, however, must exceed "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences," and "mere personality conflicts" will not suffice. *Id.* (internal quotation marks omitted). Applying this standard, the district court correctly concluded that, even assuming that the incidents alleged rose to the level of a hostile work

5

environment, Marseille had not shown any connection between those incidents and a relevant protected characteristic.  For this reason, we affirm the district court's determination that Mount Sinai was entitled to summary judgment on Marseille's hostile-work-environment claim.

### III.   Retaliation

The NYCHRL provides that "[i]t shall be an unlawful discriminatory practice . . . to retaliate or discriminate in any manner against any person because such person has . . . opposed any practice forbidden under this chapter." N.Y.C. Admin. Code § 8-107(7).   To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination – *i.e.*, engaged in a protected activity – and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.   *See Mihalik*, 715 F.3d at 112.   Implicit references to unlawful conduct may suffice to establish protected activity.   *Id.* at 115; *see also Albunio v. City of New York*, 16 N.Y.3d 472, 479 (2011).   Moreover, the plaintiff "need not prove that her underlying complaint . . . had merit, but only that it was motivated by a good faith, reasonable belief that the underlying employment practice was unlawful."   *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013)

6

(internal quotation marks omitted).

Here, the district court correctly concluded that Marseille's asserted protected activity – an email asserting that it was inappropriate for O'Dea to contact her while she was on medical leave and referencing years of "intimidation" – cannot reasonably be construed as an implicit complaint about unlawful conduct.   For this reason, we affirm the district court's determination that Mount Sinai was entitled to summary judgment on Marseille's retaliation claim.

*      *      *

We have considered all of Marseille's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court